IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 11-1102-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

**I.  BACKGROUND**

Presently pending before the Court is a document filed by Petitioner Christopher R. Desmond entitled Petition for Writ of Mandamus ("Petition") (D.I. 3), as well as two Motions to Amend/Correct the Petition (D.I. 8; D.I. 9), a Motion to Proceed *In Forma Pauperis* (D.I. 1), and a Motion to Appoint Counsel (D.I. 5). Desmond is an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. The Petition names the Warden and the Attorney General of the State of Delaware as Respondents.

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Desmond filed an application for a writ of habeas corpus, which the Honorable Gregory M. Sleet of this Court denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036

(D. Del. Nov. 16, 1999). Desmond filed a second application for habeas relief, which the Honorable Joseph J. Farnan, Jr. of this Court dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 12, 2003, the Third Circuit Court of Appeals denied Desmond's application to file a second or successive habeas petition. *See* Civ. A. No. 02-1501 at D.I. 64.

Thereafter, Desmond filed a Rule 60(b) motion for reconsideration, arguing that claims one, five, six, and seven of his 1996 habeas application should not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). Desmond then filed a Rule 59(e) motion for reargument, which the Honorable Gregory M. Sleet denied. The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

Now, in the pending Petition and two Motions to Amend, Desmond contends that two recent Delaware state court decisions – *State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, *State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009), and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010) – demonstrate that the Delaware state courts and this Court misinterpreted the first degree robbery statute, Del. Code Ann. tit. 11, § 832, in refusing to vacate his convictions for eight counts of first degree robbery. Specifically, he contends that the State of Delaware failed to establish that he committed all of the elements of theft as required under § 832, because each of the victims for those counts were "all bystanders by their own testimony, and nothing was ever taken from" them. (D.I. 3 at 5; D.I. 8 at 2-3) In

2

short, Desmond contends that he is "actually innocent" of the first degree robbery convictions under the interpretation of the requirements for establishing a first degree robbery offense as set forth in *Bridgers* and *Owens*. (D.I. 8 at 5-6; D.I. 9 at 2)

The State filed an Answer to the Petition, asserting that Desmond's request for mandamus relief actually constitutes a second or successive habeas petition and, therefore, should be dismissed for lack of jurisdiction. (D.I. 15) Desmond filed a reply, asserting that the prohibition against second or successive habeas petitions contained in 28 U.S.C. § 2244 is inapplicable to his request for mandamus relief. (D.I. 16)

## II. DISCUSSION

Desmond asks the Court to direct the Attorney General of the State of Delaware to vacate his convictions on eight counts of first degree robbery, because he is "actually innocent" of those crimes, pursuant to the interpretation of the requirements for establishing a first degree robbery offense set forth in two recent Delaware state court cases, *Owens* and *Bridgers*. Although Desmond has presented the issue in a petition for a writ of mandamus, the relief he seeks may only be obtained through the writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In turn, because the instant Petition is Desmond's third request for habeas relief – with the other habeas applications having been dismissed as meritless or for lack of jurisdiction – the Court concludes that, for purposes of 28 U.S.C. § 2244, the Petition constitutes a second or successive habeas application. Therefore, the Court may only consider the habeas application if Desmond obtained prior filing authorization from the Third Circuit Court of Appeals. *See id.*

In this case, Desmond does not allege, and there is nothing in the record to indicate, that he obtained such authorization from the Third Circuit Court of Appeals. Hence, to the extent the

3

instant Petition constitutes a second or successive habeas application, the Court will dismiss it for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (stating if habeas petitioner erroneously files second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631"). The Court will also decline to issue a certificate of appealability because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

Moreover, contrary to Desmond's contention, he is not entitled to relief even if the Court were to construe the instant filing as a "true" request for mandamus relief. Mandamus is a drastic remedy to be used only in extraordinary circumstances;[1] such relief is only available when: (1) the petitioner demonstrates that he has "no other adequate means to attain the relief he desires;" (2) the petitioner demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, __ U.S. __, 130 S.Ct. 705, 710 (2010). None of Desmond's filings (D.I. 3; D.I. 8; D.I. 9; D.I. 10; 14; D.I. 16) demonstrate that he has an indisputable right to have his first degree robbery convictions reconsidered, as there is nothing to indicate that *Owens* and *Bridgers* re-defined or re-interpreted the elements of a first degree robbery offense and made such re-interpretation retroactively applicable to cases on collateral

---

[1] *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).

4

review. Additionally, the fact that Desmond is barred from filing another habeas application without permission does not make mandamus an available remedy. *See In re Robinson*, 425 Fed. App'x 114, 115 (3d Cir. 2011) (non-precedential) ("[M]andamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of 28 U.S.C. § 2254 make it difficult to pursue a successive motion."). Accordingly, to the extent Desmond's Petition constitutes a "true" Petition for Writ of Mandamus, the Court will deny it as meritless.

### III. CONCLUSION

For the aforementioned reasons, whether treated as a Petition for Writ of Mandamus or as an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, the Court concludes that it must dismiss the instant proceeding. A separate Order will be entered.

Dated: August 15, 2012

UNITED STATES DISTRICT JUDGE