IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND, )
)
Petitioner, )
)
v. )  Civil Action No. 11-1102-LPS
)
DANA METZGER, )
Warden, and ATTORNEY )
GENERAL OF THE STATE OF )
DELAWARE, )
)
Respondents.[1] )

## MEMORANDUM

## I. INTRODUCTION

In 1992, a Delaware Superior Court jury convicted Petitioner on multiple counts of first

degree robbery, possession of a deadly weapon during the commission of a felony, second degree

conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape.

His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Petitioner filed a petition for a writ of habeas corpus, which the Honorable Gregory

M. Sleet denied after finding four claims were procedurally barred and three claims were meritless.

*See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). He filed a second petition for

habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it

was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2,

2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Petitioner's

---

[1]Warden Dana Metzger has been substituted as a party to replace former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

In 2005, Petitioner filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006).

In 2011, Petitioner filed a Petition for Writ of Mandamus contending that two Delaware state court decisions (*State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd, State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009), and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010)) demonstrated that the Delaware state courts and the District Court of Delaware misinterpreted the first degree robbery statute, Del. Code Ann. tit. 11, § 832, in refusing to vacate his convictions for eight counts of first degree robbery. *See Desmond v. Phelps*, 2012 WL 3518531 (D. Del. Aug. 15, 2012). The instant case was opened and this Court dismissed the Petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. *See id.* at *3. The Court also noted that, even were it to treat the filing as a request for mandamus relief, such relief was not available to him on the facts presented. (D.I.17 at 4-5) The Court of Appeals for the Third Circuit affirmed that decision on March 15, 2013. (D.I. 23)

Presently pending before the Court are Petitioner's newest Rule 59(e)/Rule 60(b) Motions to Reopen/Reconsider ("Motions for Reconsideration") his Petition for Writ of Mandamus pursuant

to *Buck v. Davis*, 137 S.Ct. 759 (2017). (D.I. 25; D.I. 26)  After filing the pending Motions for

Reconsideration, Petitioner filed a Motion for the Appointment of Counsel (D.I. 27).

## II.     LEGAL STANDARDS

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e)

or Federal Rule of Civil Procedure 60(b).  Although motions for reconsideration under Rule 59(e)

and Rule 60(b) serve similar functions, each has a particular purpose.  *See United States v. Fiorelli*, 337

F.3d 282, 288 (3d Cir. 2003).  For instance, Rule 59(e) is "a device to relitigate the original issue

decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288.  The

moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available

when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a

manifest injustice.  *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion

filed pursuant to Rule 59(e) must be filed no later than 28 days after the entry of the judgment.  *See*

Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request

reopening of his case, under a limited set of circumstances including fraud, mistake, and newly

discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  A motion filed pursuant to Rule

60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles

applied in light of all relevant circumstances,[2] but may be granted only in extraordinary

circumstances.  *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).  A motion

---

[2]*Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

for reconsideration is not an occasion to reargue issues that the Court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the Court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

Petitioner has unsuccessfully challenged the 1999 denial of his federal habeas petition in several different proceedings, but the unsuccessful challenge at issue here, in the instant Motions for Reconsideration, is the Court's dismissal of his 2012 Petition for a Writ of Mandamus for lack of jurisdiction because it constituted an unauthorized second or successive habeas request. Petitioner filed the instant Motions for Reconsideration in February and March of 2018, more than five years after the Court dismissed his Petition for Writ of Mandamus. Therefore, to the extent the instant

Motions are filed pursuant to Rule 59(e), they are clearly time-barred. *See* Fed. R. Civ. P. 59(e) ("[A] motion to amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To the extent the Motions are filed pursuant to Rule 60(b), the Court must first determine if the Motions constitute "true" motions for reconsideration, or if they constitute a second or successive habeas application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In his Motions, Petitioner re-asserts the same argument under *Owens* and *Bridgers* and that he presented in his Petition for a Writ of Mandamus. In addition, he contends he is entitled to Rule 60(b)(6) relief pursuant to *Buck* because his actual innocence amounts to an extraordinary circumstance. Although not entirely clear, Petitioner also appears to argue that, pursuant to *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), the United States Supreme Court decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), constitutes an "extraordinary circumstance" justifying relief under Rule 60(b)(6). (D.I. 25 at 7-15; D.I. 26 at 3-6)

Petitioner's argument concerning *Bridgers* and *Owens* does not attack the manner in which the Court's denial of Petitioner's Petition for a Writ of Mandamus was procured. Rather, the *Bridgers/Owens* argument constitutes a second or successive habeas request because it challenges his

underlying convictions.[3] Once again, the record indicates that Petitioner did not obtain permission from the Third Circuit before filing the instant Motions for Reconsideration. Therefore, the Court will dismiss the *Bridgers/Owens* argument for lack of jurisdiction.

To the extent the instant Motions for Reconsideration assert that the Court should reconsider its dismissal of Petitioner's Petition for a Writ of Mandamus because Petitioner has demonstrated extraordinary circumstances under *Buck* and *Cox/Martinez*, the Court concludes that the argument constitutes a "true" Rule 60(b) request and not a second or successive habeas request. In *Buck*, 137 S.Ct. at 778, the Supreme Court reiterated the well-settled principle that "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck* also explained that a court may consider a wide range of factors when determining if extraordinary circumstances are present and, in appropriate cases, those factors may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* The Third Circuit has interpreted *Buck* as permitting a court to consider "the severity of the underlying constitutional violation [as] an equitable factor that may support a finding of extraordinary circumstances under Rule 60(b)(6)." *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 163 (3d Cir. 2017).

In *Martinez*, 566 U.S. at 1, the Supreme Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a claim of ineffective assistance of trial counsel, when, under state law, claims regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. In

---

[3]Judge Sleet also rejected this argument in a Memorandum and Order dated January 23, 2018, which denied Petitioner's Rule 60(b) motion related to the denial of his 1996 habeas petition. (*See* C.A. No. 96-327-GMS D.I. 130; D.I. 131)

*Cox*, 757 F.3d at 116, the Third Circuit analyzed the interplay between Rule 60(b)(6) and *Martinez*'s

limited exception to the procedural default doctrine, explaining that "one of the critical factors in the

equitable and case-dependent nature of the 60(b)(6) analysis on which we now embark is whether

the 60(b)(6) motion under review was brought within a reasonable time of the *Martinez* decision."

    After reviewing Petitioner's *Buck* and *Cox/Martinez* argument in the context of the record,

the Court concludes that Petitioner has failed to establish there are extraordinary circumstances

warranting reconsideration of the 2012 dismissal of Petitioner's Petition for a Writ of Mandamus.

As an initial matter, the Court notes that the Third Circuit denied Petitioner's request for a

certificate of appealability in 2013 because it agreed with this Court's conclusion that the Petition for

a Writ of Mandamus constituted an unauthorized second or successive habeas request. (D.I. 23)

The 2017 *Buck* decision does not, on its own, affect the Court's reasons for denying the Petition for

a Writ of Mandamus, or the Third Circuit's reasons for denying Petitioner's certificate of

appealability.  This is because *Buck* does not

> hold that the change in law announced in *Martinez* and *Trevino* by
> itself constitutes an extraordinary circumstance that justifies relief
> under Rule 60(b)(6).  There, the Supreme Court found that
> extraordinary circumstances existed to justify relief under Rule
> 60(b)(6) before addressing the issue of whether *Martinez* and *Trevino*
> applied to the case.  The extraordinary circumstances were that Buck
> "may have been sentenced to death in part because of his race," [and
> our] "law punishes people for what they do, not who they are."

*Williams v. Kelley*, 2017 WL 1395613, at *4 (E.D. Ark. Apr. 18, 2017) (internal citations omitted).

    Petitioner does not present any persuasive argument that the circumstances in his case are as

extraordinary as those in *Buck*.  For instance, Petitioner's unsupported statement that he "faces the

rest of his life in prison for non-crimes" (D.I. 25 at 13; D.I. 26 at 5) does not (in light of the record)

demonstrate a "risk of injustice" amounting to an extraordinary circumstance in the manner

contemplated by *Buck*; nor does it establish it a risk of undermining public confidence in the justice system if the Court refuses to grant him relief. In other words, Petitioner has failed to demonstrate how *Buck*'s "equitable principles" warrant reopening his mandamus proceeding.

As for Petitioner's attempt to trigger relief under *Martinez*, Petitioner filed the instant Motions for Reconsideration in February and March of 2018, almost six full years after the March 2012 *Martinez* decision. Although the Third Circuit has not defined what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the Court concludes that waiting six years to file the Motions for Reconsideration at issue does not satisfy *Cox*'s "reasonable time" requirement. *See Moolenaar*, 822 F.2d at 1348 (holding that two years delay was not reasonable time to bring Rule 60(b)(6) motion); *Ackerman v. United States*, 340 U.S. 193, 202 (1950). Petitioner has not presented any reason for his delay. *See Azbuko v. Bunker Hill Cmty. Coll*, 442 F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007). Additionally, pursuant to *Cox*, 757 F.3d at 125, a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, Petitioner's conviction was affirmed in 1994 and his original habeas petition was dismissed on November 16, 1999. The significant amount of time that has elapsed between the dismissal of his petition and the *Martinez* decision provides another reason for concluding that the rare relief afforded under Rule 60(b)(6) is not warranted.

Given all of these circumstances, Petitioner has failed to persuade the Court that it should reconsider its August 2012 denial of the Petition for Writ of Mandamus. Accordingly, the Court will deny the instant Motions for Reconsideration.

## IV. MOTION TO APPOINT COUNSEL

Petitioner filed a Motion to Appoint Counsel after he filed his Motion for Reconsideration. (D.I. 27) Having decided to deny the instant Motions for Reconsideration, the Court will deny as moot the Motion to Appoint Counsel.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Motions for Reconsideration and his Motion to Appoint Counsel. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

September 21, 2018                    HONORABLE LEONARD P. STARK
Wilmington, Delaware                 UNITED STATES DISTRICT JUDGE